```
                    IN THE UNITED STATES DISTRICT COURT FOR THE

                              EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| MICHELLE CARPENTER, | 1:09cv01918 DLB |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES |
| | (Documents 26 and 31) |
| vs. | |
| FORREST MEADOWS OWNERS ASSOCIATION; and DOES 1-100 inclusive, | |
| Defendants. | |

Defendant Forest Meadows Owners Association[1] ("Defendant") filed the instant motion to compel further responses to interrogatories and request for expenses on January 25, 2001. The motion was heard before the Honorable Dennis L. Beck, United States Magistrate Judge, on February 11, 2011. Ryan Buckley and Jennifer McGeorge appeared telephonically on behalf of Defendant. Erika Gaspar appeared personally and Lawrence Bohm appeared telephonically on behalf of Plaintiff Michelle Carpenter ("Plaintiff").

**BACKGROUND**

Plaintiff filed the instant action on August 27, 2009, in Calaveras County Superior Court. On October 29, 2009, Defendant removed the action to this Court. This case arises from Plaintiff's

---

[1] Erroneously sued as Forrest Meadows Owners Association.

1

1  claim that she was wrongfully terminated from her employment with Defendant as a result of taking
2  time off to perform her military service obligations.  Defendant contends that Plaintiff was
3  terminated for legitimate, non-discriminatory reasons.

4  During her deposition, Plaintiff disclosed her employment history, but was unable to recall
5  certain specifics.  Thereafter, pursuant to Fed. R. Civ. P. 33, Defendant served Plaintiff with
6  interrogatories, many of which sought details of Plaintiff's prior employment history.  In particular,
7  the interrogatories cited fourteen prior positions and sought, among other things, Plaintiff's reason
8  for leaving the positions.

9  Plaintiff responded to the interrogatories, indicating she quit all but two of the fourteen
10 positions.  For nine of the remaining twelve, Plaintiff explained why she quit.  For the other three,
11 Plaintiff merely stated that she quit.

12 After receiving Plaintiff's responses, Defendant sought a further response as to why Plaintiff
13 quit the three prior employment positions.  Defendant reportedly sent letters to Plaintiff's counsel on
14 December 22 and 28, 2010, and called Plaintiff's counsel on January 10, 2011.  Defendant sent a
15 final letter on January 20, 2011, indicating a motion to compel would be filed if further responses
16 were not received by January 24, 2011.  When no further responses were provided, Defendant filed
17 the instant motion to compel on January 26, 2011.  Defendant also filed an application shortening
18 time for hearing the motion.

19 On February 4, 2011, Defendant filed an amended motion to compel, withdrawing the
20 request for an order compelling Plaintiff to file further responses and requesting reasonable
21 attorney's fees and costs pursuant to Fed. R. Civ. P. 37.  Supplemental Declaration of Ryan A.
22 Buckley ("Buckley Dec.") ¶¶ 4-5.  Defendant indicated that Plaintiff had submitted a supplemental
23 response along with the draft joint statement of discovery agreement.  Defendant also filed the joint
24 statement of discovery dispute, noting Defendant was unable to obtain Plaintiff's consent to further
25 revise the joint statement.  Buckley Dec. ¶¶ 5, 7.

26 In the joint statement, Defendant claims that Plaintiff's employment history is relevant both
27 to her credibility and to damages.  As to credibility, Defendant argues that Plaintiff's reasons for
28

2

1 leaving past employment are critical to determine the credibility of Plaintiff's claim that she has
2 never been fired or asked to leave a prior job. As to damages, Defendant argues that Plaintiff's
3 employment history reflects on her ability, or inability, to hold down a job.

4       In opposition, Plaintiff asserted her belief that the information sought by Defendant is
5 beyond the scope of discovery and the interrogatory contains impermissible sub-parts and overbroad
6 language. However, Plaintiff also provided amended responses to Defendant's interrogatories. The
7 responses purportedly explain that she quit the three positions in question because she did not like
8 the terms or conditions of the job.

### DISCUSSION

10 A.    <u>Legal Standard</u>

11       Pursuant to Fed. R. Civ. P. 37, if a motion to compel is granted, or the requested discovery is
12 provided after the motion was filed, the Court must, after giving an opportunity to be heard, require
13 the party whose conduct necessitated the motion, the attorney advising that conduct, or both, to pay
14 the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R.
15 Civ. P. 37(a)(5). However, the Court must not order this payment if the nondisclosure, response or
16 objection was substantially justified or if other circumstances make an award unjust. Fed. R. Civ. P.
17 37(a)(5)(A)(i)-(iii).

18 B.    <u>Analysis</u>

19       Defendant seeks attorney's fees in the amount of $7,011. To support the request, Defendant
20 filed the supplemental declaration of counsel, Ryan A. Buckley. Mr. Buckley states that the billing
21 rate on this matter is $205 per hour and that Defendant has incurred over 34.2 hours obtaining
22 "additional responses from plaintiff, including conferring correspondences and telephone
23 conferences prior to filing the Motion to Compel, in preparing and filing the Application for Order
24 Shortening Time, Notice of Motion and Motion to Compel Further Responses to Interrogatories,
25 further conferring with plaintiff's counsel, and preparing the Joint Statement re Discovery
26 Disagreement." Buckley Dec. ¶ 6.

27       At the hearing, Plaintiff argued that the fee request is both overstated and unjustified.

1  Plaintiff explained that only a portion of the meet and confer correspondence and the discovery
2  dispute itself concerned the three responses.  Plaintiff also explained that there was an assumption
3  that she quit for no other reason than job dissatisfaction.  Plaintiff asserted that it was a good faith
4  dispute and that the joint statement was the first clear expression of what information Defendant was
5  seeking from Plaintiff and why.  As such, Plaintiff provided additional discovery responses
6  indicating that she quit the three positions because she did not like the terms or conditions of the job.
7       Based on the above, there is no indication that the interrogatory responses at issue were
8  substantially unjustified.  Therefore, the Court shall not order the payment of Defendant's expenses.
9  Fed. R. Civ. P. 37(a)(5)(A)(court must not order payment of expenses if the opposing party's
10 response was substantially justified).

## **CONCLUSION AND ORDER**

Defendant's motion to compel and request for expenses is DENIED.

IT IS SO ORDERED.

**Dated:   February 14, 2011**                 **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE