

**FILED**

AUG 1 0 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY S. ARELLANO
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

MICHELLE CARPENTER,           )   Case Number 1:09-cv-01918 JLT
                              )
            Plaintiff,        )   JURY INSTRUCTIONS
                              )
    v.                        )
                              )
FORREST MEADOWS OWNER'S       )
ASSOCIATION, et al.           )
                              )
            Defendants.       )
_____)

    The following jury instructions were read to the jury in open court and marked Court Exhibit "A".


DATED: August 10, 2011                VICTORIA MINOR/CLERK


                                      By: /s/ Sergio Arellano
                                          Deputy Clerk

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.



The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

The parties have agreed to certain facts to be placed in evidence as Exhibit JX 100 and that have been read to you.  You should therefore treat these facts as having been proved.

Evidence will be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

The evidence that a witness testified under oath on a prior occasion inconsistently with the witness' trial testimony, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

A witness who was not testifying as an expert gave an opinion during the trial.  You may, but are not required to, accept that opinion.  You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion.  You must decide whether information on which the witness relied was true and accurate.  You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

All parties are equal before the law and a homeowners' association is entitled to the same fair and conscientious consideration by you as any party.

According to the Uniformed Services Employment and Reemployment Rights Act, a person who is a member of, performs, has performed, or has an obligation to perform service in a uniformed service shall not be denied retention in employment by an employer on the basis of that membership, performance of service, or obligation.

According to California's Military and Veteran's Code section 394, "No person shall discriminate against any officer, warrant officer or enlisted member of the military or naval forces of the state or of the United States because of that membership. No member of the military forces shall be prejudiced or injured by any person, employer, or officer or agent of any corporation, company, or firm with respect to that member's employment, position or status or be denied or disqualified for employment by virtue of membership or service in the military forces of this state or of the United States."

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Plaintiff has the burden of showing, by a preponderance of the evidence, that her military service was a motivating factor in an adverse employment action taken by Defendant against her.

A motivating factor is a factor that an employer considered and relied upon in making its employment decision. An employment decision may have more than one motivating factor. The law does not require Plaintiff to show that her military service was the sole reason for Defendant's employment decision.

Discriminatory motivation may be inferred from a variety of factors, including but not limited to:

1.    proximity in time between the employee's military activity and the adverse employment action;

2.    inconsistencies between the proffered reason for the adverse employment action and other actions of the employer;

3.    the employer's expressed hostility toward Plaintiff's military service or the military service of other known military service member employees;

4.    the disparate treatment of the military member employees when compared to other employees with similar work records or offenses.

An adverse employment action includes the termination of Plaintiff's employment.

For Defendant to be held liable, Plaintiff must prove that the person who took the adverse employment action against her based upon her military service was an officer, director, or managing agent of Defendant and this person was acting on behalf of Defendant.

A "managing agent" is a person who is authorized to exercise substantial independent discretion and judgment in decisions made on behalf of the entity and in furtherance of the entity's purposes.

If Plaintiff proves her military service was a motivating factor in the adverse employment decision, the burden then shifts to Defendant to prove, by a preponderance of the evidence, that legitimate, nondiscriminatory reasons, standing alone, would have induced Defendant to take the same adverse employment action against Plaintiff.

If an employment relationship is "at-will," it may be ended by either the employer or the employee at any time and for no reason at all. However, an "at-will" employment relationship cannot be terminated for an unlawful reason.

The law prohibits Defendant from discriminating against Plaintiff because of her military service. The law does not require Defendant to use good judgment, to make correct decisions, or to treat its employees fairly.

If you find that Defendant unlawfully discriminated against Plaintiff based upon her military service, you must decide how much money will reasonably compensate Plaintiff for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Defendant's wrongful conduct, even if the particular harm could not have been anticipated.

Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

You must award damages in an amount that fully compensates Plaintiff for damages in accordance with instructions from the court. In calculating the amount of damages to award, you shall not reduce the award for the amount of public benefits she may have received. You shall not speculate or consider any other possible sources of benefit the plaintiff may have received.

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

Plaintiff seeks damages from Defendant under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

The following items of damages are recoverable only once under all of the legal theories:

1.    Lost Wages;

2.    Actual damages, other than lost wages, including, emotional distress;

3.    Punitive damages.

Emotional distress includes past mental suffering, inconvenience, grief, and humiliation.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

Plaintiff has a duty to use reasonable efforts to mitigate her damages.  To mitigate means to avoid or reduce damages.

As to Plaintiff's claim for lost wages, Defendant has the burden of proving by a preponderance of the evidence:

1.     that suitable substitute work existed for Plaintiff; and

2.     Plaintiff did not make reasonable efforts to obtain work.

You have heard evidence in this case that Defendant offered to return Plaintiff to work and that Plaintiff rejected the offer.

You are instructed that you are not to consider this evidence in determining whether Plaintiff failed to mitigate her damages.

As to Plaintiff's claim for her emotional distress, Defendant has the burden of proving by a preponderance of the evidence:

1.     That Plaintiff failed to act reasonably in treating or obtaining treatment for her

        emotional distress, if any, suffered as a result of the termination.

If you find that Defendant violated the Uniformed Services Employment and Reemployment Rights Act by discriminating against Plaintiff based upon her military service, then you must decide whether Defendant's action was willful.

An action is willful if the adverse employment act is done knowingly and intentionally. The action need not involve an evil motive but it cannot occur by accident, inadvertence, or ordinary negligence.

Willfulness is shown if Defendant knew its action violated the law or showed reckless disregard for whether its actions violated the law.

If you find that Defendant unlawfully discriminated against Plaintiff based upon her military service in violation of California's Military and Veteran's Code section 394, then you must decide whether Defendant's conduct justifies an award of punitive damages. To be entitled to an award of punitive damages, Plaintiff must prove by clear and convincing evidence that Defendant acted with malice, oppression, or fraud.

"Malice" means that Defendant acted with intent to cause injury or that Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid these consequences.

"Oppression" means that Defendant's conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Defendant intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

A verdict form has been prepared for you. I will give you verdict forms with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the forms carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. You must all agree on an answer before you can move on to the next question

After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.